No. 14-4408

IN THE

# United States Court of Appeals
# For the Fourth Circuit

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

LAWRENCE MCNEILL,

*Defendant-Appellant.*

**On Appeal from the United States District Court
for the Eastern District of North Carolina**

## OPENING BRIEF OF DEFENDANT-APPELLANT
## LAWRENCE MCNEILL

### (REDACTED)

Lee Ann Anderson McCall
(CJA Counsel)
Amanda F. Davidoff
Kara D. Hughley
SULLIVAN & CROMWELL LLP
1700 New York Avenue, N.W.
Suite 700
Washington, D.C. 20006
Tel:  (202) 956-7500
*Counsel for Defendant-Appellant*

# TABLE OF CONTENTS

**Page**

**JURISDICTIONAL STATEMENT**.................................................................1

**STATEMENT OF THE ISSUES**.................................................................1

**STATEMENT OF THE CASE**.................................................................1

**SUMMARY OF ARGUMENT**.................................................................4

**STANDARD OF REVIEW**.................................................................6

**ARGUMENT**.................................................................6

**I.**  **Mr. McNeill's Trial Counsel was Ineffective for Failing to Preserve his Objection to the Conversion of Powder Cocaine to Cocaine Base in the PSR**.................................................................6

    **A.**  **It Was Unreasonable for Trial Counsel to Withdraw Mr. McNeill's Objection to the Conversion of Powder Cocaine to Cocaine Base in the PSR**.................................................................7

    **B.**  **Trial Counsel's Error Prejudiced Mr. McNeill**.................................................................10

**II.**  **The Superseding Indictment was a Vindictive Prosecution**.................................................................11

    **A.**  **Mr. McNeill's Sentence Should Be Vacated Due to Vindictive Prosecution**.................................................................12

        **1.**  **Circumstances surrounding the Superseding Indictment likely give rise to a presumption of vindictiveness**.................................................................12

        **2.**  **Subsequent caselaw does not preclude a presumption of vindictiveness**.................................................................15

        **3.**  **The Government is unable to overcome the presumption of vindictive prosecution**.................................................................16

    **B.**  **Mr. McNeill's Claim of Prosecutorial Vindictiveness Is Not Foreclosed by the Appellate Waiver**.................................................................16

**III.**  **This Court Should Hear Oral Argument**.................................................................20

**CONCLUSION**.................................................................20

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Blackledge* v. *Perry*,
417 U.S. 21 (1974) ................................................................5, 12

*Bordenkircher* v. *Hayes*,
434 U.S. 357 (1978) ..........................................................*passim*

*Hill* v. *Lockhart*,
474 U.S. 52 (1985) ....................................................................19

*United States* v. *Adams*,
1996 WL 334468 (4th Cir. June 19, 1996) ................................9

*United States* v. *Attar*,
38 F.3d 727 (4th Cir. 1994) .....................................................17

*United States* v. *Barber*,
1999 WL 95539 (4th Cir. February 17, 1999) ...........................8

*United States* v. *Blick*,
408 F.3d 162 (4th Cir. 2005) ...................................................16

*United States* v. *Dehlinger*,
740 F.3d 315 (4th Cir. 2014) ...................................................19

*United States* v. *Engleman*,
916 F.2d 182 (4th Cir. 1990) .................................................4, 8

*United States* v. *Goodwin*,
457 U.S. 368 (1982) ................................................................15

*United States* v. *Goodwin*,
637 F.2d 250 (4th Cir. 1981) ................................................5, 16

*United States* v. *Hill*,
93 Fed. App'x. 540 (4th Cir. 2004) ..........................................12

*United States* v. *James*,
   337 F.3d 387 (4th Cir. 2003) ................................................................6

*United States* v. *King*,
   119 F.3d 290 (4th Cir. 1997) ...............................................................6

*United States* v. *Lurry*,
   210 F. App'x. 291 (4th Cir. 2006) ......................................................10

*United States* v. *Marin*,
   961 F.2d 493 (4th Cir. 1992) ...............................................................17

*United States* v. *McCaskey*,
   521 Fed App'x. 98 (4th Cir. 2013) ......................................................17

*United States* v. *Mooney*,
   497 F.3d 397 (4th Cir. 2007) ..........................................................19, 20

*United States* v. *Pope*,
   404 Fed. App'x. 781 (4th Cir. 2010) ...................................................11

*United States* v. *Randall*,
   171 F.3d 195 (4th Cir. 1999) ................................................................8

*United States* v. *Ricco*,
   52 F.3d 58 (4th Cir. 1995) ....................................................................9

*United States* v. *Scheetz*,
   293 F.3d 175 (4th Cir. 2002) ...............................................................11

*United States* v. *Skyers*,
   1996 WL 111878 (4th Cir. March 13, 1996)...............................8, 9, 11

*United States* v. *Strickland*,
   466 U.S. 668 (1984).............................................................4, 7, 18, 19

*United States* v. *Uwaeme*,
   975 F.2d 1016 (4th Cir. 1992) ..............................................................8

*United States* v. *Williams*,
   47 F.3d 658 (4th Cir. 1995) ...........................................................15, 16

*United States* v. *Williams*,
977 F.2d 866 (4th Cir. 1992) ...................................................................6

*United States* v. *Wilson*,
262 F.3d 305 (4th Cir. 2001) ...............................................................12

**Statutes, Rules, and Regulations**

18 U.S.C. § 3231 ........................................................................................1

28 U.S.C. § 1291 ........................................................................................1

28 U.S.C. § 2255 ........................................................................................6

Federal Rules of Criminal Procedure 11 ...................................................2

North Carolina Rules of Professional Conduct 1.4(b) (2003) .................19

U.S. Sentencing Guidelines Manual § 2D1.1(c)......................................10

U.S. Sentencing Guidelines Manual § 6A1.3 ...........................................4

**Other Authorities**

Oren Gazal-Ayal, *Partial Ban on Plea Bargains*, 27 Cardozo L. Rev.
2295 (2006).........................................................................................14

Thomas C. Schelling, The Strategy of Conflict (1960) ...........................14

## JURISDICTIONAL STATEMENT

The district court had jurisdiction over this action pursuant to 18 U.S.C. § 3231. This Court has jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. The notice of appeal was timely filed within ten days of entry of judgment.

## STATEMENT OF THE ISSUES

1. Whether Mr. McNeill's trial counsel was ineffective for failing to preserve his objection to the conversion of powder cocaine to cocaine base in the Pre-Sentence Investigation Report ("PSR").

2. Whether the superseding indictment was a vindictive prosecution.

## STATEMENT OF THE CASE

On August 8, 2012, a Grand Jury in the Eastern District of North Carolina indicted Mr. McNeill in a six-count indictment, charging possession with the intent to distribute cocaine base, aiding and abetting distribution of cocaine base, and distribution of cocaine base. (JA 016). On August 13, 2012, Mr. McNeill was arrested. (JA 059). He immediately gave a statement. (JA 059).

██████████████████████████████████████████████

██████████████

On April 15, 2013, while plea negotiations were ongoing, the Government filed a Motion to Continue Arraignment and Trial, requesting that arraignment and trial be postponed from the originally scheduled date of May 6, 2013. (*See* JA 020). In the Motion to Continue Arraignment and Trial, the Government noted that, "[u]pon information and belief, it is unknown at this time whether the defendant is expected to plead 'Guilty' or 'Not Guilty.'" (JA 020). The Government also stated that "based upon new information" it intended to obtain a superseding indictment. (JA 020). Subsequently, on April 17, 2013, a Grand Jury in the Eastern District of North Carolina indicted Mr. McNeill in a seven-count superseding indictment (the "Superseding Indictment"). (JA 025). The first six counts were identical to the first indictment, and the seventh count alleged a conspiracy to distribute and possess with intent to distribute 5 kilograms or more of cocaine and 280 grams or more of cocaine base. (JA 025-027).

On June 17, 2013, Mr. McNeill appeared before the Honorable James C. Dever III for an arraignment hearing (the "Rule 11 hearing"). (JA 030). At the Rule 11 hearing, Judge Devers engaged in a Rule 11 colloquy and questioned

---

[1]    As noted below, █████████████████████████████████
████████████████████████████

Mr. McNeill on his understanding of the terms of the plea, including the appellate

waiver contained therein.  (JA 054-055).  The appellate waiver provided that

Mr. McNeill would:

> waive knowingly and expressly the right to appeal
> whatever sentence is imposed . . . reserving only the right
> to appeal from a sentence in excess of the applicable
> advisory guideline range that is established at sentencing,
> and further to waive any right to contest the conviction or
> the sentence in any post-conviction proceeding . . .
> excepting an appeal or motion based upon grounds of
> ineffective assistance of counsel or prosecutorial
> misconduct not known to [Mr. McNeill] at the time of
> [Mr. McNeill]'s guilty plea.  (JA 054; SJA 102).

Mr. McNeill, represented by counsel (JA 033), pleaded guilty to the seventh count

of the Superseding Indictment.  (JA 052).



On April 1, 2014, Mr. McNeill appeared before Judge Dever for a

docket call proceeding.  (JA 063).  During the docket call proceeding,

Mr. McNeill, through trial counsel, withdrew his objections to the PSR.  (JA 066).

On May 16, 2014, Mr. McNeill appeared before Judge Dever for sentencing. (JA 073). During the sentencing hearing, Mr. McNeill's counsel confirmed that his objections to the PSR were withdrawn. (JA 076-077). Judge Dever imposed a sentence of 222 months followed by a supervised release term of 10 years. (JA 088-089). Pursuant to the plea agreement, the remaining counts were dismissed. (JA 089).

## SUMMARY OF ARGUMENT

The representation provided by Mr. McNeill's trial counsel fell below an objective standard of reasonableness and prejudiced Mr. McNeill. *See United States* v. *Strickland*, 466 U.S. 668 (1984). It was unreasonable to withdraw Mr. McNeill's objection to the conversion of powder cocaine to cocaine base in the PSR and to fail to object to the related guidelines calculation error, because the government had not demonstrated its ability to meet the burden of proving quantity of drugs by a preponderance of the evidence. (JA 067); *United States* v. *Engleman*, 916 F.2d 182, 184 (4th Cir. 1990).

Had Mr. McNeill's objection been preserved, the district court would have tested whether the Government proved conversion of the cocaine by a preponderance of the evidence, U.S.S.G. § 6A1.3 (2013), and Mr. McNeill would have been assigned a base offense level of 36. However, because trial counsel

withdrew the objection, the district court did not undertake such factual analysis and Mr. McNeill was assigned a base offense level of 38.

Separately, Mr. McNeill's sentence should be vacated because he was a victim of vindictive prosecution. When a prosecutor seeks increased charges in the context of plea negotiations, the Supreme Court has undertaken a fact-intensive inquiry into the circumstances surrounding the increased charge to determine whether the situation contained a "realistic likelihood of vindictiveness." *Bordenkircher* v. *Hayes*, 434 U.S. 357, 362, 365 (1978) (quoting *Blackledge* v. *Perry*, 417 U.S. 21, 27 (1974)) (internal quotations omitted). In *Bordenkircher*, the timing of the increased charge and the open communication of the prosecutor's intent to bring that charge if the defendant refused to plead guilty demonstrated that the increased charge was not punitive, but merely a negotiation tactic. *See id.* at 363. In this case, the record does not show the prosecutor delivering any such warning, nor any indication that the Superseding Indictment was a tactic intended to induce a guilty plea. The circumstances surrounding the filing of the Superseding Indictment thus evidence a realistic likelihood of vindictiveness.

When the presumption of vindictiveness is triggered, the Government must show a non-vindictive reason for prosecution. *United States* v. *Goodwin*, 637 F.2d 250, 254-55 n.1 (4th Cir. 1981), *rev'd on other grounds*, 457 U.S. 368, 384 (1982). Here, the Government will be unable to do so;

-5-

███████████████████████████████████████████

████████████████  Nor can the Government show that the Superseding

Indictment was calculated to induce a guilty plea.

## STANDARD OF REVIEW

This court reviews "legal conclusions arrived at by the district court

on a *de novo* basis" and "factual findings underlying legal conclusions under the

clearly erroneous standard." *United States* v. *Williams*, 977 F.2d 866, 869 (4th Cir.

1992).

## ARGUMENT

**I.    MR. MCNEILL'S TRIAL COUNSEL WAS INEFFECTIVE FOR FAILING TO PRESERVE HIS OBJECTION TO THE CONVERSION OF POWDER COCAINE TO COCAINE BASE IN THE PSR**

Although ineffective assistance of counsel claims should generally be

raised in a 28 U.S.C. § 2255 motion, *United States* v. *King*, 119 F.3d 290, 295 (4th

Cir. 1997), they are cognizable on appeal if "counsel's ineffectiveness conclusively

appears on the record." *United States* v. *James*, 337 F.3d 387, 391 (4th Cir. 2003)

(citing *King*).  Counsel's performance will be deemed ineffective if (1) the

"representation fell below an objective standard of reasonableness" and (2)

"…there is a reasonable probability that, but for counsel's unprofessional errors,

the result of the proceeding would have been different." *United States* v.

*Strickland*, 466 U.S. 668, 688 (1984); *id.* at 694.[2]  That standard is satisfied here.

### A.    It Was Unreasonable for Trial Counsel to Withdraw Mr. McNeill's Objection to the Conversion of Powder Cocaine to Cocaine Base in the PSR

██████████████████████████████

████████████████████████████████████████

██████████████████████████████████

██████████████████████████████████

█████████████████████████████████

███████████████████████████████████

███████████████████████████████████████

████████  Even though the probation officer's response to the objection did not

adequately address Mr. McNeill's concerns, at the April 1, 2014 docket call, trial

counsel withdrew the objection.  (JA 077).  Trial counsel's failure to preserve the

objection and further his failure to object to the calculated guidelines range

rendered his legal assistance deficient.  *Id.*

       If the defendant raises an objection to the quantity of drugs in the PSR

and brings forth evidence showing the challenged information was incorrect, the

burden shifts to the government to prove quantity of drugs by a preponderance of

---

2

█████████████████████████████████████

██████████████████████████████████

the evidence. *United States* v. *Randall*, 171 F.3d 195, 210-11 (4th Cir. 1999); *United States* v. *Engleman*, 916 F.2d 182, 184 (4th Cir. 1990); *see also United States* v. *Barber*, 1999 WL 95539 at *3 (4th Cir. February 17, 1999). If "the court finds that the object of the conspiracy was to distribute cocaine base or that it was reasonably foreseeable that the cocaine would be distributed as cocaine base" it "may convert cocaine powder to cocaine base for purposes of determining the defendant's offense level…". *United States* v. *Skyers*, 1996 WL 111878 at *2 (4th Cir. March 13, 1996). Such evidence must have a "sufficient indicia of reliability to support its probable accuracy." *United States* v. *Uwaeme*, 975 F.2d 1016, 1021 (4th Cir. 1992); *see also United States* v. *Barber*, 1999 WL 95539 at *3 (4th Cir. February 17, 1999).

The government would not have been able to prove by a preponderance of the evidence that it was reasonably foreseeable that all of the cocaine identified in the Superseding Indictment would have been distributed as cocaine base. ████████████████████████████

████████████████████████████████████

---

[3] ████████████████████████████████████ This statement appears as a single line in a standalone paragraph in a Report from the Bureau of Alcohol, Tobacco and Firearms, which provides no context for supporting that "the" means "all." If requested by the Court, counsel will supplement the record if the United States agrees. The ATF Report was not admitted into evidence in the District Court because there was no trial.

███████████████████████████████████

███████████████████████████████████

██████████████    The word "the" should not be afforded such weight because it was not part of a quoted statement, rather it was included in a narrative of what took place during the interview.  ████████████████████

███████████████████████████████

███████████████████████████████

███████████████████████████████

███████████████████████████████

████████████████    *United States* v. *Skyers*, 1996 WL 111878 at *3 (4th Cir. March 13, 1996).  Of course, because trial counsel withdrew the objection, the district court was never provided an opportunity to explore the issue.

The cases in which the Fourth Circuit has affirmed conversion of powder cocaine into cocaine base are distinguishable.  In *United States* v. *Ricco*, 52 F.3d 58, 63 (4th Cir. 1995), conversion was found not to be clearly erroneous where based on a coconspirator statement and corroborated by witness testimony and physical evidence.  Likewise, in *United States* v. *Adams*, 1996 WL 334468 at *2 (4th Cir. June 19, 1996), this Court affirmed the district court's conversion of powder cocaine where an informant and another government witness

independently corroborated the evidence of conversion. No such evidence would have been available to the government here.

**B.    Trial Counsel's Error Prejudiced Mr. McNeill**

Mr. McNeill was prejudiced by trial counsel's failure to preserve the objection because the district court would have resolved the factual dispute in Mr. McNeill's favor. ████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

███████████████████████ *See* U.S.S.G. § 2D1.1(c) (cocaine base yields a higher potential offense level than powder cocaine); *cf. United States* v. *Lurry*, 210 F. App'x. 291, 293 (4th Cir. 2006) (court did not address whether the factual finding that the statement should be attributed to all of the cocaine was clearly erroneous because the defendant's base offense level would not change). Accordingly, this court should find that counsel's performance was ineffective, that Mr. McNeill was prejudiced thereby, and should remand for a factual determination of the amounts of powder cocaine and cocaine base that should be used to determine

Mr. McNeill's base offense level.[4]  *See United States* v. *Skyers*, 1996 WL 111878

at *3 (4th Cir. March 13, 1996).

## II.  THE SUPERSEDING INDICTMENT WAS A VINDICTIVE PROSECUTION

A defendant who pleads guilty and subsequently appeals his sentence

based on prosecutorial misconduct must show that the government's conduct

prejudicially affected his substantial rights so as to deprive him of a fair trial.

*United States* v. *Scheetz*, 293 F.3d 175, 185 (4th Cir. 2002).  When a defendant

pleads guilty and subsequently appeals his sentence claiming prosecutorial

misconduct, this Court will first determine whether the record supports that claim;

if not, the court will decline to hear the claim on direct appeal.  *United States* v.

*Pope*, 404 Fed. App'x. 781, 782 (4th Cir. 2010).

As discussed below, the record supports a presumption of

prosecutorial vindictiveness in filing the Superseding Indictment; in the face of that

presumption, the Government cannot sustain its burden of demonstrating a non-

---

[4]     Although the district court indicated it would have imposed a similar sentence if there were a guidelines error (JA 090), Mr. McNeill notes that the United States requested a 25% reduction in his sentence for his substantial cooperation, and that the district court largely followed the recommendation but added three additional months to his sentence. (JA 080; *see also* JA 089)  Therefore, if the issue had been properly presented and litigated, it is not clear that the district court would have sentenced Mr. McNeill to the same sentence.  Indeed, the conversion of the cocaine to a quantity of crack appears to have played into the court's decision as the district judge spoke harshly about crack as "poison".  (JA 085).

vindictive reason for the Superseding Indictment; and the appellate waiver in the plea agreement does not preclude an appeal based on prosecutorial vindictiveness.

**A.    Mr. McNeill's Sentence Should Be Vacated Due to Vindictive Prosecution**

Under the "prosecutorial vindictiveness doctrine," it is a violation of due process for a prosecutor to "penalize a defendant for invoking a legally protected right." *United States* v. *Hill*, 93 Fed. App'x. 540, 545 (4th Cir. 2004). Actual prosecutorial vindictiveness exists when (1) a prosecutor has taken action based on genuine animus against the defendant, and (2) the defendant would not have been prosecuted on a charge but for that animus. *United States* v. *Wilson*, 262 F.3d 305, 314 (4th Cir. 2001). Even when a defendant cannot prove actual vindictiveness, vindictiveness is presumed when there is a "realistic likelihood of 'vindictiveness'." *Blackledge* v. *Perry*, 417 U.S. 21, 27 (1974). In this case, the circumstances under which the prosecutor filed the Superseding Indictment present a realistic likelihood of vindictiveness.

**1.    Circumstances surrounding the Superseding Indictment likely give rise to a presumption of vindictiveness**

The Supreme Court has examined whether a presumption of vindictiveness exists when a prosecutor brings a superseding indictment upon a defendant's repudiation of a plea agreement. *Bordenkircher* v. *Hayes*, 434 U.S. 357, 363 (1978). The defendant in *Bordenkircher* refused to plead guilty,

whereupon the prosecutor obtained a superseding indictment containing more serious charges. *Id.* at 359. The Court noted that prosecutors enjoy a "breadth of discretion" in negotiating plea agreements but that there are nonetheless "undoubtedly constitutional limits upon its exercise." *Id.* at 365. Upon the facts in *Bordenkircher*, the Court found that there was no "element of punishment or retaliation." *Id.* at 363.

The Court's holding in *Bordenkircher* was carefully confined to its facts. The Court made sure to "clarify at the outset" that the prosecutor's intention to seek a superseding indictment "was clearly expressed at the outset of the plea negotiations." *Id.* at 360. That is, the prosecutor had informed the defendant during plea negotiations that if the defendant would not plead guilty, then the prosecutor would seek a superseding indictment. *Id.* at 358. This threat showed that the prosecutor's motivation in *Bordenkircher* was to confront the defendant with "unpleasant alternatives" and "induce a guilty plea," *id.* at 360, 361, 365, and that his actions were part of the "give-and-take" of plea negotiation rather than punishment. *Id.* at 363 (finding that there was "no element of punishment or retaliation" in the prosecutor's actions).

Unlike in *Bordenkircher*, the record in this case does not show the prosecutor using the threat of the Superseding Indictment to induce Mr. McNeill to plead guilty. During negotiations, threats are used to convince an actor to select

-13-

the alternative which will not lead to the threatened action.  Thomas C. Schelling, The Strategy of Conflict 35 (1960).  Carrying out the threat when that actor fails to comply is merely an unfortunate necessity.  *Id.* at 39 ("In case a threat is made and fails to deter, there is a second stage prior to fulfillment in which *both* parties have an interest in undoing the commitment.") (emphasis in original).  In *Bordenkircher*, the prosecutor used the threat of heightened charges to "induce a guilty plea."  434 U.S. at 361.  Only when the defendant refused to budge did the prosecutor bring heightened charges, following up on the initial threat.  *Cf.* Oren Gazal-Ayal, *Partial Ban on Plea Bargains*, 27 Cardozo L. Rev. 2295, 2316 n.63 (2006) (discussing a prosecutor's need to maintain a reputation as a tough negotiator).  Here, nothing in the record suggests that the prosecutor threatened to bring the Superseding Indictment unless Mr. McNeill pleaded guilty.  There is no evidence that the prosecutor presented Mr. McNeill with the alternatives of (i) pleading guilty or (ii) facing more severe charges.  Instead, when Mr. McNeill failed to plead guilty, the Government punished him with a more severe charge.  In *Bordenkircher*, the Supreme Court expressly distinguished such a situation, "where the prosecutor without notice brought an additional and more serious charge," 434 U.S. at 360, from the *Bordenkircher* facts.  Unlike in *Bordenkircher*, the facts here indicate a realistic likelihood of vindictiveness, giving rise to a presumption of vindictiveness.

-14-

**2.     Subsequent caselaw does not preclude a presumption of vindictiveness**

It may be argued that the Supreme Court's decision in *United States* v. *Goodwin* precludes a finding of prosecutorial misconduct. *See* 457 U.S. 368, 384 (1982). In *Goodwin*, the Supreme Court held that when a defendant is indicted on felony charges after rejecting a plea agreement on misdemeanor charges based on the same underlying events, no presumption of vindictiveness arises. *Id. Goodwin* is inapposite, because the defendant in that case had already decided not to plead guilty and requested a jury trial when the prosecutor brought an additional charge. *Id.* at 382. The Court expressly noted that the additional charge "was brought outside the context of plea negotiation," which weakened the defendant's claim of prosecutorial vindictiveness. *Id.* at 382 n.15. In this case, the prosecutor brought the Superseding Indictment while plea negotiations were ongoing.

This Court has said in dicta that "[i]n the pretrial situation, then, a defendant must show that a prosecutor's decision to bring more severe charges against him was motivated by actual vindictiveness." *United States* v. *Williams*, 47 F.3d 658, 662 (4th Cir. 1995). In *Williams*, a prosecutor sought an indictment under federal law when the defendant refused to plead guilty to state law charges. *Id.* As in *Bordenkircher*, the prosecutor in *Williams* threatened to bring the additional charges unless the defendant pleaded guilty. *Id.* at 659-60. Thus, for

-15-

the reasons discussed in section (1), the prosecutor's actions in *Williams* were characteristic of genuine negotiation, unlike the prosecutor's actions in this case.

> **3.    The Government is unable to overcome the presumption of vindictive prosecution**

When a presumption of vindictiveness has been established, the burden shifts to the Government to show a non-vindictive reason for prosecution. *United States* v. *Goodwin*, 637 F.2d 250, 254-55 n.1 (4th Cir. 1981) ("[O]nce a defendant establishes a risk of vindictiveness, the burden shifts to the government to prove a legitimate reason for the increased charges."), *rev'd on other grounds*, 457 U.S. at 384.  Indeed, the Government seems to anticipate this in the Motion to Continue Arraignment, in which it claimed that the Superseding Indictment was brought because new information had come to light.  (JA 020).  ███████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

██████████████████████████  Thus, the Government's supposed reason for bringing the Superseding Indictment was unpersuasive; the presumption of vindictive prosecution stands, and Mr. McNeill's sentence should be vacated.

> **B.    Mr. McNeill's Claim of Prosecutorial Vindictiveness Is Not Foreclosed by the Appellate Waiver**

An appellate waiver only precludes the appeal of issues within the scope of that waiver. *See United States* v. *Blick*, 408 F.3d 162, 169 (4th Cir. 2005).

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████  The plea agreement provided in part that

Mr. McNeill would "waive any right to contest the conviction or the sentence . . .

excepting an appeal or motion based upon grounds of ineffective assistance of

counsel or prosecutorial misconduct not known to [Mr. McNeill] at the time of

[Mr. McNeill]'s guilty plea"  (JA 054; SJA 102).

It may be argued that Mr. McNeill knew about the prosecutor's

presumptively vindictive prosecution before he pleaded guilty and thus is barred

from raising vindictive prosecution on appeal.  This Court, however, has held that

certain claims are outside the scope of an enforceable waiver.  *See United States* v.

*Marin*, 961 F.2d 493, 496 (4th Cir. 1992).  In *Marin*, this Court held that a

defendant's general appellate waiver did not waive the right to appellate review of

a sentence in excess of the statutory maximum or a sentence based on a

constitutionally impermissible factor such as race.  *Id.*  This Court has expanded on

this category of grounds that cannot be waived by a general waiver.  *United States*

v. *Attar*, 38 F.3d 727, 732 (4th Cir. 1994) (violation of Sixth Amendment right to

counsel does not fall within a general waiver).  Indeed, although this Court has

upheld waivers containing similar language, *United States* v. *McCaskey*, 521 Fed

-17-

App'x. 98, 102-03 (4th Cir. 2013), it has never held that prosecutors are shielded from challenges for their misconduct merely because they did not hide it well.

Even if this Court limits Mr. McNeill's claims to prosecutorial misconduct not known at the time of the guilty plea, prosecutorial misconduct claimed in this case is *presumed* due to the circumstances surrounding the filing of the Superseding Indictment, rather than *actual*. Although Mr. McNeill knew of the Superseding Indictment at the time of the guilty plea (*see* JA 047-048), he did not know that the filing of that Superseding Indictment constituted presumed misconduct. Thus, the waiver does not preclude Mr. McNeill's appeal.

It may be argued that trial counsel would have known about the presumed prosecutorial misconduct and that his knowledge may be imputed to Mr. McNeill. To the extent trial counsel knew that the prosecutor's conduct was presumptively vindictive and failed to inform the sentencing court of the prosecutor's misconduct, Mr. McNeill was deprived of effective assistance of counsel. As set forth above, when (1) "counsel's representation fell below an objective standard of reasonableness" and (2) "…there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," the defendant has been deprived of effective assistance of counsel. *Strickland*, 466 U.S. at 688; *id.* at 694. Under the North Carolina Rules of Professional Conduct (the "Rules"), "[a] lawyer shall explain a matter to the

-18-

extent reasonably necessary to permit the client to make informed decisions regarding the representation." Rule 1.4(b) (2003). Assuming that trial counsel knew that prosecutorial misconduct would be presumed for the filing of the Superseding Indictment, his failure to communicate that knowledge to Mr. McNeill breached the Rules and fell below objective reasonableness. *See United States* v. *Dehlinger*, 740 F.3d 315, 321 n.4 (4th Cir. 2014) (rules of professional conduct are relevant as a guide to assessing reasonableness); *United States* v. *Mooney*, 497 F.3d 397, 404 (4th Cir. 2007) (counsel's failure to inform client about a possible defense, which was not "some trivial or mildly important point," meets the first prong of *Strickland*). The lack of effective assistance from trial counsel was prejudicial, because if Mr. McNeill had been informed that the Superseding Indictment was unlawful, he would not have pleaded guilty to the seventh charge in the indictment. *See Hill* v. *Lockhart*, 474 U.S. 52, 59 (1985) (defendant must show reasonable probability that, but for counsel's errors, he would not have pleaded guilty).

Thus, the prosecutorial misconduct was not known to Mr. McNeill, and Mr. McNeill should be permitted to appeal based on prosecutorial vindictiveness. Alternatively, if trial counsel knew about the misconduct and failed to inform Mr. McNeill, then Mr. McNeill was deprived of effective

-19-

assistance of counsel, and his conviction and sentence should be vacated.  *See Mooney*, 497 F.3d at 409.

## III.    THIS COURT SHOULD HEAR ORAL ARGUMENT

Because this case presents the important and recurring questions of whether powder cocaine should be converted to crack cocaine for sentencing purposes and whether the government has engaged in vindictive prosecution, this Court should hear oral argument.

### CONCLUSION

For the foregoing reasons, the Court should vacate Mr. McNeill's conviction on Count 7 of the Superseding Indictment.  In the alternative, this Court should vacate Mr. McNeil's sentence and remand for a new sentencing hearing with instructions for the district court to resolve Mr. McNeill's objections regarding the amounts of powder cocaine and cocaine base that should be used to calculate Mr. McNeill's base offense level.

Dated:       August 15, 2014

Respectfully submitted,
  /s/ Lee Ann Anderson McCall
Lee Ann Anderson McCall (CJA Counsel)
Amanda F. Davidoff
Kara D. Hughley
SULLIVAN & CROMWELL LLP
1700 New York Ave., N.W.
Suite 700
Washington, D.C. 20006
Tel:  (202) 956-7500
mccalll@sullcrom.com
*Counsel for Defendant-Appellant*

# UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT

**No.** 14-4408          **Caption:** United States of America v. Lawrence McNeill

## CERTIFICATE OF COMPLIANCE WITH RULE 28.1(e) or 32(a)
Type-Volume Limitation, Typeface Requirements, and Type Style Requirements

1. **Type-Volume Limitation:** Appellant's Opening Brief, Appellee's Response Brief, and Appellant's Response/Reply Brief may not exceed 14,000 words or 1,300 lines. Appellee's Opening/Response Brief may not exceed 16,500 words or 1,500 lines. Any Reply or Amicus Brief may not exceed 7,000 words or 650 lines. Counsel may rely on the word or line count of the word processing program used to prepare the document. The word-processing program must be set to include footnotes in the count. Line count is used only with monospaced type.

This brief complies with the type-volume limitation of Fed. R. App. P. 28.1(e)(2) or 32(a)(7)(B) because:

[✓]     this brief contains _____4,554_____ [*state number of*] words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii), *or*

[ ]     this brief uses a monospaced typeface and contains _____ [*state number of*] lines of text, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2. **Typeface and Type Style Requirements:** A proportionally spaced typeface (such as Times New Roman) must include serifs and must be 14-point or larger. A monospaced typeface (such as Courier New) must be 12-point or larger (at least 10½ characters per inch).

This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

[✓]     this brief has been prepared in a proportionally spaced typeface using
Microsoft Word_____ [*identify word processing program*] in
14-pt, Times New Roman_____ [*identify font size and type style*]; **or**

[ ]     this brief has been prepared in a monospaced typeface using
_____ [*identify word processing program*] in
_____ [*identify font size and type style*].

(s) Lee Ann Anderson McCall_____

Attorney for Lawrence McNeill_____

Dated: August 15, 2014_____

# CERTIFICATE OF SERVICE

I hereby certify that on August 15, 2014, I electronically filed the

foregoing document with the Clerk of the Court by using the CM/ECF system,

which will send a notice of electronic filing to the following:

Jennifer P. May-Parker
OFFICE OF THE UNITED STATES ATTORNEY
310 New Bern Avenue, Suite 800
Raleigh, N.C.  27601
Tel: 919-856-4530

*Counsel for Plaintiff-Appellee*

August 15, 2014                                    /s/ Lee Ann Anderson McCall
                                                   Lee Ann Anderson McCall